# IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## -NORTHERN DIVISION-

| | |
|---|---|
| **CHARLES T. ROBINSON, SR.** ) | |
| **6311 Dry Stone Gate** ) | |
| **Columbia, Maryland 21045** ) | |
| ) | |
| **and** ) | |
| ) | |
| **SILVERBACK, LLC** ) | |
| **6311 Dry Stone Gate** ) | |
| **Columbia, Maryland 21045,** ) | |
|        **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **DUNKIN' DONUTS** ) | |
| **15 Pacella Park Drive** ) | |
| **Randolph, MA 02368,** ) | |
|     **and** ) | |
| ) | **Civil Case:** |
| **BASKIN-ROBBINS** ) | **CCB-03-CV-460** |
| **15 Pacella Park Drive** ) | |
| **Randolph, MA 02368** ) | |
| ) | |
|     **Serve on:** ) | |
| ) | |
|     **The Maryland Division of** ) | |
|     **Securities** ) | |
|     **200 St. Paul Place, 20th Floor** ) | |
|     **Baltimore, Maryland 21202-2020** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
_____

**CHARLES T. ROBINSON, SR.** (hereinafter "Robinson") and SILVERBACK, LLC
(hereinafter "Silverback"), Plaintiffs, by their attorneys, Charles Jerome Ware, P.A., Attorneys

and Counsellors, pursuant to Federal Rules of Civil Procedure and Local Rules, hereby file this lawsuit against Dunkin' Donuts, Inc. and Baskin Robbins, Inc., Defendant, and in further support state:

1.     This is an action by Plaintiffs for breach of contract, specific performance, and detrimental reliance, and breach of implied covenant of good faith and fair dealing, against Defendant.

2.     Plaintiff Robinson is a resident of the State of Maryland and a citizen of the United States. He accepted the offer from Defendant to become a Dunkin' Donuts, Inc./Baskin Robbins, Inc. franchisee for the Guilford Avenue location in Baltimore City, 21202.

3.     Plaintiff Silverback, LLC, is a limited liability company in Maryland for plaintiff Robinson which accepted the offer from Defendant to become the transferee of the ADQSR franchised Dunkin' Donuts, Inc./Baskin Robbins, Inc. business unit to be located at 840 Guilford Avenue in Baltimore City, 21202.

4.     Dunkin' Donuts Incorporated, and Baskin Robbins USA, specifically, and Togo's Eateries, Inc., collectively, are the "Transferor" of the franchised business unit at issue in this lawsuit.

5.     Allied Domecq Quick Service Restaurant ("ADQSR") is the unincorporated holding company for defendants Dunkin' Donuts Incorporated, Baskin Robbins USA, and Togo's Eateries, Inc. Its principal offices and headquarters are in Randolph, Massachusetts.

6.     The amount in controversy exceeds $100,000.00, exclusive of interest and costs.

7.      On or about January 23rd, 2002, plaintiff Robinson undertook steps to begin the process of becoming a Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchisee in the Baltimore, Maryland metropolitan area.

8.      Working with Ken Smith, a franchising licensing manager for the Defendant, plaintiff Robinson received from Smith, and duly executed, the required Kenexa Waiver Letter on or about March 5th, 2002 .

9.      Subsequently, Mr. Smith was replaced by a new franchise licensing manager for processing of plaintiff Robinson's application for a franchise: Andrew J. Barter.

10.      Franchise documents were sent to plaintiff Robinson on July 26, 2002 and August 19th, 2002 to further the process.

11.      Robinson created a Maryland Limited Liability Company (Silverback, LLC) in furtherance of the approval process.

12.      He acquired a $300,000.00 loan commitment from The Harbor Bank of Maryland and a $200,000.00 loan commitment from the Development Credit Fund, Inc., t/a Community Lending Group. In addition, this process involved a personal commitment of $105,000.00 of his own funds.

13.      Plaintiffs provided all of the necessary information and took all of the necessary steps requested by Defendant in order to earn franchise approval.

14.      Plaintiffs accepted the offer by Defendant of the 840 Guilford Avenue franchise location.

15.      On November 12, 2002, Defendant, through franchise licensing manager Andrew

J. Barter, withdrew its offer to Plaintiffs, stating, <u>inter</u> <u>alia</u>, "[t]he business environment in the city of Baltimore has changed to a degree that we see the need for a candidate with more substantial assets in order to maximize the opportunity that [840] Guilford Avenue represents".

16.  Plaintiffs have expended considerable funds, costs, time, effort and resources, in good faith, in pursuing the proposed 840 Guilford Avenue Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise unit.

17.  Defendant's admitted offer of the subject franchise unit to Plaintiffs, and Plaintiffs' demonstrated acceptance of the offer created a contract that has been breached by Defendant.

18.  Plaintiffs complied fully with all of the requests and demands of Defendant in a good-faith effort to acquire franchise approval from Defendant.

19.   Plaintiffs' specific performance was not reciprocated by Defendant.

20.  Plaintiffs relied to their detriment on the promises, assurances and instructions of Defendant that Plaintiffs would obtain the subject franchise unit.

21.  Defendant intentionally and/or negligently misrepresented to Plaintiffs that Plaintiffs would acquire the franchise unit if Plaintiffs did certain things.

22.  Plaintiff did those things but did not acquire the franchise as promised by the Defendant.

## COUNT I

### (Breach of Contract)

23.     Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 22.

24.     Defendants Dunkin' Donuts, Inc. and Baskin Robbins, Inc. breached its contract with plaintiff Charles T. Robinson, Sr., since both Robinson and  Dunkin' Donuts, Inc./Baskin-Robbins, Inc. were and are parties with the legal capacity to make the agreement for the franchise; both mutually agreed upon the contract; both parties stated with reasonable certainty what they had undertaken by their promise(s); there was adequate consideration for the promise(s); their agreement was lawful; and their agreement complied with the formalities of law, inter alia.

**WHEREFORE**, plaintiffs Charles T. Robinson, Sr. and Silverback, LLC demand judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT II

### (Breach of Contract)

25.     Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 24.

26.     Defendants Dunkin' Donuts, Inc.  and Baskin Robbins, Inc. breached its contract with plaintiff Silverback, LLC, since both Silverback and Dunkin' Donuts, Inc./Baskin-Robbins, Inc. were and are parties with the legal capacity to make the agreement for the franchise; both mutually agreed upon the contract; both parties stated with reasonable certainty what they had undertaken by their promise(s); there was adequate consideration for the promise(s); their agreement was lawful;

-5-

and their agreement complied with the formalities of law, <u>inter</u> <u>alia</u>.

**WHEREFORE**, plaintiffs Silverback, LLC and Charles T. Robinson, Sr. demand judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## <u>COUNT III</u>

### (Specific Performance)

27. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 26.

28. Plaintiff Charles T. Robinson, Sr. and Defendant entered into a valid and enforceable contract and/or agreement in which Plaintiffs satisfied all preconditions to purchase the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise in the Guilford area of Baltimore City.

29. On or about November 12, 2002, Defendant, through it franchise licensing manager, Andrew J. Barter, abruptly withdrew its offer to Plaintiffs (par. 15, <u>supra</u>).

30. At all times relevant hereto, plaintiff Robinson was ready, willing and able to consummate the purchase of the Dunkin' Donut franchise.

31. Defendants Dunkin' Donuts, Inc./Baskin-Robbins, Inc. breached the contract and/or agreement by failing to allow plaintiff Robinson to consummate the purchase of the franchise.

-6-

32.    Plaintiff Robinson has no adequate remedy at law.

**WHEREFORE**, plaintiff Charles T. Robinson, Sr. demands judgment that the contract and/or agreement between the parties be specifically enforced, and that the Defendants be ordered to assign or award the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise in the Guilford area of Baltimore City to the Plaintiffs, and for such other and further relief as the Court deems proper.


## COUNT IV
### (Specific Performance)

33.    Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 32.

34.    Plaintiff Silverback, LLC and Defendant entered into a valid and enforceable contract and/or agreement in which Plaintiffs satisfied all preconditions to purchase the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise in the Guilford area of Baltimore City.

35.    On November 12, 2002, Defendant, through it franchise licensing manager, Andrew J. Barter, abruptly withdrew its offer to Plaintiffs (par. 15, supra).

36.    At all times relevant hereto, plaintiff Silverback was ready, willing and able to consummate the purchase of the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise.

37.    Defendant  Dunkin' Donuts, Inc./Baskin-Robbins, Inc. breached the contract and/or agreement by failing to allow plaintiff Silverback to consummate the purchase of the franchise.

38.     Plaintiff Silverback has no adequate remedy at law.

**WHEREFORE**, plaintiff Silverback LLC demands judgment that the contract and/or agreement between the parties be specifically enforced, and that the Defendants be ordered to assign or award the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise in the Guilford area of Baltimore City to the Plaintiffs, and for such other and further relief as the Court deems proper.

## COUNT V

### (Detrimental Reliance)

39.     Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 38.

40.     In furtherance of the approval process for the Dunkin' Donuts, Inc./Baskin-Robbins, Inc. franchise in the Guilford area of Baltimore, plaintiff Charles T. Robinson, Sr. was required to take definitive and costly steps to satisfy Defendant, including, inter alia: preparing business plans, establishing construction estimates, visiting Dunkin' Donut sites, acquiring loan commitments from lenders, establishing co-plaintiff Silverback, LLC as a Maryland corporation, et al.

41.     Defendant (Promisor) reasonably expected its promises would induce action and/or forbearance by plaintiff Robinson (Promisee).

42.     Defendant's promises did, in fact, induce actual and reasonable action and/or forbearance by plaintiff Robinson.

43.     Plaintiff Robinson's resulting detriment in terms of monies expended, time lost and opportunities missed, inter alia, can only be avoided by the enforcement of the promises made to him by the Defendant.

-8-

**WHEREFORE**, plaintiff Charles T. Robinson, Sr. demands for judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT VI

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

44.     Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 43.

45.     Defendant is liable to plaintiff Robinson because Defendant breached its legal and equitable duty or covenant owed to Robinson of acting in good faith and dealing fairly with Robinson in the franchise acquisition process.

46.     Defendant's actions tended to deceive and unfairly disadvantage plaintiff Robinson and others, violate public and/or private confidence, violate public policy and/or injure public interests, inter alia.

47.     As a direct and proximate result of Defendant's breach of its implied covenant of good faith and fair dealing, plaintiff Robinson has suffered damages.

**WHEREFORE**, plaintiff Charles T. Robinson, Sr. demands judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT VII

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

48.     Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through

47.

49.    Defendant is liable to plaintiff Silverback because Defendant breached its legal and equitable duty or covenant owed to Silverback of acting in good faith and dealing fairly with Silverback in the franchise acquisition process.

50.    Defendant's actions tended to deceive and unfairly disadvantage plaintiff Silverback and others, violate public and/or private confidence, violate public policy and/or injure public interests, inter alia.

51.    As a direct and proximate result of Defendant's breach of its implied covenant of good faith and fair dealing, plaintiff Silverback has suffered damages.

**WHEREFORE**, plaintiff Silverback LLC demands judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

Respectfully submitted,
**CHARLES T. ROBINSON, SR.**
    and
**SILVERBACK, LLC**
          **Plaintiffs**

By:    _____/s/_____     By:    _____/s/_____
    Charles T. Robinson, Sr.,              Charles Jerome Ware, Esquire
    for himself individually, as well as
    for Silverback, LLC., a Maryland
    Limited Liability Company           Charles Jerome Ware, P.A.
                                  Attorneys & Counsellors
                                  The Century Plaza Building
                                  10630 Little Patuxent Parkway
                                  Suite 113

Columbia, MD 21044

Ph: (410) 730-5016
Fax: (410) 730-7603

Attorneys for the Plaintiffs

## **JURY DEMAND**

Plaintiffs, by counsel, demand a trial by jury.

_____/s/_____
Charles Jerome Ware, P.A.