J. JOSEPH CURRAN, JR.
Attorney General

CARMEN M. SHEPARD
DONNA HILL STATON
Deputy Attorneys General



TELECOPIER NO.
(410) 576-6532

## STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL
SECURITIES DIVISION

MELANIE SENTER LUBIN
Securities Commissioner



PLAINTIFF'S EXHIBIT A

WRITER'S DIRECT DIAL NO.

(410) 576-6368
dcantone@oag.state.md.us

February 26, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Brian Balconi, Legal Counsel
Dunkin Donuts Incorporated
Baskin-Robbins USA, Co.
Togo's Eateries, Inc.
14 Pacella Park Drive
Randolph, MA 02368

Re: Charles T. Robinson, Sr and Silverback, LLC v. Allied Domecq Quick
Service Restaurants
Case No. CCB 03 CV460

Dear Mr. Balconi:

Enclosed please find Complaint and Demand for Jury Trial received by the Maryland Division of Securities (the "Division") on February 25, 2003, which was served on the Maryland Securities Commissioner on behalf of Allied Domecq Quick Service Restaurants ("Allied Domecq").

Please note that the Division has an irrevocable Consent to Service of Process on file for Dunkin Donuts, Inc., Baskin-Robbins USA Co. and Togo's Eateries, Inc., which I understand are three (3) entities for which Allied Domecq is a holding company.

Should you have any questions, please do not hesitate to contact me. Thank you.

Sincerely,

Dale E. Cantone
Assistant Attorney General
Chief, Franchise and
Business Opportunity Unit

DEC/cam
Enclosures
cc: Charles Jerome Ware, Esquire

---

# United States District Court

_____ DISTRICT OF _____

CHARLES T. ROBINSON, SR.
and
SILVERBACK, LLC, Plaintiffs,
V.

ALLIED DOMECQ QUICK
SERVICE RESTAURANTS,
        Defendant.

SUMMONS IN A CIVIL CASE

CASE NUMBER: CCB 03 CV 460

TO: (Name and address of defendant)

Allied Domecq Quick Service Restaurants (ADQSR)
Serve on: The Maryland Division of Securities
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202-2020

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

CHARLES JEROME WARE
Attorneys & Counselors
One Thousand Century Plaza Building
10630 Little Patuxent Parkway
Suite 113
Columbia, MARYLAND 21044

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Felicia C. Cannon
CLERK

_Edith Tate_
(BY) DEPUTY CLERK

FEB 2 0 2003
DATE

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other *(specify):* _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
              Date                     Signature of Server

_____
Address of Server

---

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
**DISTRICT OF MARYLAND**

Felicia C. Cannon, Clerk

John A. Cerino, Chief Deputy

Reply to Southern Division Address

TO:        Party or Counsel

FROM:    Clerk of Court

SUBJECT: Disclosure of Corporate Interest

Within ten (10) days of receipt of this notice, please advise the Clerk, **in writing**, of the presence, if any, of any undisclosed corporate interest pursuant to Local Rule 103.3, which, for your convenience, has been printed on the reverse side of this memo.

If there is no such interest please complete and sign the note below. If there is such an interest, set it forth in detail, **in writing**.

This information is required to inform the Judge to whom this case is assigned of any possible need for disqualification from hearing this case.

                                                       Very truly yours,

                                                       Felicia C. Cannon, Clerk

Clerk:

I certify, as a party/counsel in Civil Action No. _____ that _____ (name of party) is not an affiliate or parent of any corporation, and no corporation, unincorporated association, partnership or other business entity, not a party to the case, has a financial interest in the outcome of this litigation as this litigation as set forth in Local Rule 103.3.

                                                       _____
                                                       Signature of Attorney or Party

U.S. District Court Disclosure of Corporate Interest (Rev. 10/2001)

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201 • 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

## LOCAL RULE 103.3

3.   Disclosure of Affiliations and Financial Interest

When filing an initial pleading or promptly after learning of the information to be disclosed, counsel shall submit to the Clerk two copies of a written statement (separate from any pleading) containing the following information:

   a.   <u>Corporate affiliations</u>. The identity of any parent or other affiliate of a corporate party and the description of the relationship between the party and such affiliates.

   b.   <u>Financial interests in the outcome of the litigation</u>. The identity of any corporation, unincorporated association, partnership or other business entity, not a party to the case, which may have any financial interest whatsoever in the outcome of litigation and the nature of its financial interest. The term "financial interest in the outcome of the litigation" includes a potential obligation of an insurance company or other person to represent or to indemnify any party to the case. Any notice given to the Clerk under this Rule shall not be considered as an admission by the insurance company or other person that it does in fact have an obligation to defend the litigation or to indemnify a party or as a waiver of any rights that it might have in connection with the subject matter of the litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Plaintiff | * | |
| vs. | * | Civil Action No.: |
| Defendant | * | |

\*\*\*\*\*\*

## GENERAL CONSENT TO PROCEED
## BEFORE A UNITED STATES MAGISTRATE JUDGE

    In accordance with the provisions of Title 28 U.S.C. § 636(c), the parties to the above-captioned civil matter hereby voluntarily waive their rights to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

_____ Date: _____

_____ Date: _____

## ORDER OF REFERENCE

    IT IS HEREBY **ORDERED** this _____ day of _____, 20\_\_\_\_\_, that the above-captioned matter be referred to United States Magistrate Judge _____, for all proceedings and the entry of judgment in accordance with Title 28 U.S.C. § 636(c) and the foregoing consent of the parties.

_____
United States District Judge

U.S. District Court (Rev. 1/2000)

IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MARYLAND
-NORTHERN DIVISION-

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2003 FEB 20  P 1: 21
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

| | |
|---|---|
| CHARLES T. ROBINSON, SR.<br>6311 Dry Stone Gate<br>Columbia, Maryland 21045<br><br>and<br><br>SILVERBACK, LLC<br>6311 Dry Stone Gate<br>Columbia, Maryland 21045,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALLIED DOMECQ QUICK<br>SERVICE RESTAURANTS<br>15 Pacella Park Drive<br>Randolph, MA 02368,<br><br>　　　Serve on:<br><br>The Maryland Division of<br>Securities<br>200 St. Paul Place, 20th Floor<br>Baltimore, Maryland 21202-2020<br><br>　　　　　　　　　Defendants. | Civil Case:<br><br>CCB 03 CV 460 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

CHARLES T. ROBINSON, SR. (hereinafter "Robinson") and SILVERBACK, LLC (hereinafter "Silverback"), Plaintiffs, by their attorneys, Charles Jerome Ware, P.A., Attorneys and Counsellors, pursuant to Federal Rules of Civil Procedure and Local Rules, hereby file this lawsuit against Allied Domecq Quick Service Restaurants (hereinafter "ADQSR"), Defendant, and in further support state:

1. This is an action by Plaintiffs for breach of contract, specific performance, and detrimental reliance, and breach of implied covenant of good faith and fair dealing, against Defendant.

2. Plaintiff Robinson is a resident of the State of Maryland and a citizen of the United States. He accepted the offer from Defendant to become a Dunkin' Donuts franchisee for the Guilford Avenue location in Baltimore City, 21202.

3. Plaintiff Silverback, LLC, is a limited liability company in Maryland for plaintiff Robinson which accepted the offer from Defendant to become the transferee of the ADQSR franchised business unit to be located at 840 Guilford Avenue in Baltimore City, 21202.

4. Dunkin' Donuts Incorporated, Baskin Robbins USA, and Togo's Eateries, Inc., collectively, are the "Transferor" of the franchised business unit at issue in this lawsuit.

5. Defendant Allied Domecq Quick Service Restaurant ("ADQSR") is the holding company for defendants Dunkin' Donuts Incorporated, Baskin Robbins USA, and Togo's Eateries, Inc. Its principal offices and headquarters are in Randolph, Massachusetts.

6. The amount in controversy exceeds $100,000.00, exclusive of interest and costs.

7. On or about January 23rd, 2002, plaintiff Robinson undertook steps to begin the process of becoming a Dunkin' Donuts franchisee in the Baltimore, Maryland metropolitan area.

8. Working with Ken Smith, a franchising licensing manager for the Defendant,

plaintiff Robinson received from Smith, and duly executed, the required Kenexa Waiver Letter on or about March 5th, 2002.

9. Subsequently, Mr. Smith was replaced by a new franchise licensing manager for processing of plaintiff Robinson's application for a franchise: Andrew J. Barter.

10. Franchise documents were sent to plaintiff Robinson on July 26, 2002 and August 19th, 2002 to further the process.

11. Robinson created a Maryland Limited Liability Company (Silverback, LLC) in furtherance of the approval process.

12. He acquired a $300,000.00 loan commitment from The Harbor Bank of Maryland and a $200,000.00 loan commitment from the Development Credit Fund, Inc., t/a Community Lending Group. In addition, this process involved a personal commitment of $105,000.00 of his own funds.

13. Plaintiffs provided all of the necessary information and took all of the necessary steps requested by Defendant in order to earn franchise approval.

14. Plaintiffs accepted the offer by Defendant of the 840 Guilford Avenue franchise location.

15. On November 12, 2002, Defendant, through franchise licensing manager Andrew J. Barter, withdrew its offer to Plaintiffs, stating, <u>inter alia</u>, "[t]he business environment in the city of Baltimore has changed to a degree that we see the need for a candidate with more substantial assets in order to maximize the opportunity that [840] Guilford Avenue represents".

16. Plaintiffs have expended considerable funds, costs, time, effort and resources, in good faith, in pursuing the proposed 840 Guilford Avenue Dunkin' Donuts franchise unit.

17. Defendant's admitted offer of the subject franchise unit to Plaintiffs, and Plaintiffs' demonstrated acceptance of the offer created a contract that has been breached by Defendant.

18. Plaintiffs complied fully with all of the requests and demands of Defendant in a good-faith effort to acquire franchise approval from Defendant.

19. Plaintiffs' specific performance was not reciprocated by Defendant.

20. Plaintiffs relied to their detriment on the promises, assurances and instructions of Defendant that Plaintiffs would obtain the subject franchise unit.

21. Defendant intentionally and/or negligently misrepresented to Plaintiffs that Plaintiffs would acquire the franchise unit if Plaintiffs did certain things.

22. Plaintiff did those things but did not acquire the franchise as promised by the Defendant.

## COUNT I
### (Breach of Contract)

23. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 22.

24. Defendant Allied Domécq Quick Service Restaurants ("ADQSR") breached its

contract with plaintiff Charles T. Robinson, Sr., since both Robinson and ADQSR (or "Allied") were and are parties with the legal capacity to make the agreement for the franchise; both mutually agreed upon the contract; both parties stated with reasonable certainty what they had undertaken by their promise(s); there was adequate consideration for the promise(s); their agreement was lawful; and their agreement complied with the formalities of law, inter alia.

**WHEREFORE**, plaintiffs Charles T. Robinson, Sr. and Silverback, LLC demand judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT II

### (Breach of Contract)

25. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 24.

26. Defendant Allied Domecq Quick Service Restaurants ("ADQSR") breached its contract with plaintiff Silverback, LLC, since both Silverback and ADQSR (or "Allied") were and are parties with the legal capacity to make the agreement for the franchise; both mutually agreed upon the contract; both parties stated with reasonable certainty what they had undertaken by their promise(s); there was adequate consideration for the promise(s); their agreement was lawful; and their agreement complied with the formalities of law, inter alia.

**WHEREFORE**, plaintiffs Silverback, LLC and Charles T. Robinson, Sr. demand judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT III

### (Specific Performance)

27. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 26.

28. Plaintiff Charles T. Robinson, Sr. and Defendant entered into a valid and enforceable contract and/or agreement in which Plaintiffs satisfied all preconditions to purchase the Dunkin' Donuts franchise in the Guilford area of Baltimore City.

29. On or about November 12, 2002, Defendant, through it franchise licensing manager, Andrew J. Barter, abruptly withdrew its offer to Plaintiffs (par. 15, supra).

30. At all times relevant hereto, plaintiff Robinson was ready, willing and able to consummate the purchase of the Dunkin' Donut franchise.

31. Defendant ADQSR breached the contract and/or agreement by failing to allow plaintiff Robinson to consummate the purchase of the franchise.

32. Plaintiff Robinson has no adequate remedy at law.

**WHEREFORE**, plaintiff Charles T. Robinson, Sr. demands judgment that the contract and/or agreement between the parties be specifically enforced, and that the Defendants be ordered to assign or award the Dunkin Donuts franchise in the Guilford area of Baltimore City to the Plaintiffs, and for such other and further relief as the Court deems proper.

## COUNT IV

### (Specific Performance)

33. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 32.

34. Plaintiff Silverback, LLC and Defendant entered into a valid and enforceable contract and/or agreement in which Plaintiffs satisfied all preconditions to purchase the Dunkin' Donuts franchise in the Guilford area of Baltimore City.

35. On November 12, 2002, Defendant, through it franchise licensing manager, Andrew J. Barter, abruptly withdrew its offer to Plaintiffs (par. 15, supra).

36. At all times relevant hereto, plaintiff Silverback was ready, willing and able to consummate the purchase of the Dunkin' Donut franchise.

37. Defendant ADQSR breached the contract and/or agreement by failing to allow plaintiff Silverback to consummate the purchase of the franchise.

38. Plaintiff Silverback has no adequate remedy at law.

**WHEREFORE**, plaintiff Silverback LLC demands judgment that the contract and/or agreement between the parties be specifically enforced, and that the Defendants be ordered to assign or award the Dunkin Donuts franchise in the Guilford area of Baltimore City to the Plaintiffs, and for such other and further relief as the Court deems proper.

## COUNT V

### (Detrimental Reliance)

39. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through

38.

40. In furtherance of the approval process for the Dunkin Donuts franchise in the Guilford area of Baltimore, plaintiff Charles T. Robinson, Sr. was required to take definitive and costly steps to satisfy defendant ADQSR, including, inter alia: preparing business plans, establishing construction estimates, visiting Dunkin' Donut sites, acquiring loan commitments from lenders, establishing co-plaintiff Silverback, LLC as a Maryland corporation, et al.

41. Defendant ADQSR (Promisor) reasonably expected its promises would induce action and/or forbearance by plaintiff Robinson (Promisee).

42. Defendant's promises did, in fact, induce actual and reasonable action and/or forbearance by plaintiff Robinson.

43. Plaintiff Robinson's resulting detriment in terms of monies expended, time lost and opportunities missed, inter alia, can only be avoided by the enforcement of the promises made to him by the Defendant.

WHEREFORE, plaintiff Charles T. Robinson, Sr. demands for judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT VI
(Breach of Implied Covenant of Good Faith and Fair Dealing)

44. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 43.

45. Defendant is liable to plaintiff Robinson because Defendant breached its legal and equitable duty or covenant owed to Robinson of acting in good faith and dealing fairly with Robinson in the franchise acquisition process.

46. Defendant's actions tended to deceive and unfairly disadvantage plaintiff Robinson and others, violate public and/or private confidence, violate public policy and/or injure public interests, inter alia.

47. As a direct and proximate result of Defendant's breach of its implied covenant of good faith and fair dealing, plaintiff Robinson has suffered damages.

**WHEREFORE**, plaintiff Charles T. Robinson, Sr. demands judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

## COUNT VII
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

48. Plaintiffs incorporate by reference as if fully stated herein paragraphs 1 through 47.

49. Defendant is liable to plaintiff Silverback because Defendant breached its legal and equitable duty or covenant owed to Silverback of acting in good faith and dealing fairly with Silverback in the franchise acquisition process.

50. Defendant's actions tended to deceive and unfairly disadvantage plaintiff Silverback and others, violate public and/or private confidence, violate public policy and/or injure public interests, inter alia.

-9-

51. As a direct and proximate result of Defendant's breach of its implied covenant of good faith and fair dealing, plaintiff Silverback has suffered damages.

**WHEREFORE**, plaintiff Silverback LLC demands judgment in compensatory damages in the amount of $5,505,919.00, reasonable attorney fees, plus interest and costs, and $5,000,000.00 in punitive damages.

Respectfully submitted,
CHARLES T. ROBINSON, SR.
and
SILVERBACK, LLC
Plaintiffs

By: _____
Charles T. Robinson, Sr.,
for himself individually, as well as
for Silverback, LLC., a Maryland
Limited Liability Company

By: _____
Charles Jerome Ware, Esquire

Charles Jerome Ware, P.A.
Attorneys & Counsellors
The Century Plaza Building
10630 Little Patuxent Parkway
Suite 113
Columbia, MD 21044

Ph: (410) 730-5016
Fax: (410) 730-7603

Attorneys for the Plaintiffs

## JURY DEMAND

Plaintiffs, by counsel, demand a trial by jury.

_____
Charles Jerome Ware, P.A.

-10-