**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| CHARLES T. ROBINSON, SR., and SILVERBACK, LLC,  )<br><br>  Plaintiffs,  )<br>  v.  )<br><br>DUNKIN' DONUTS, and BASKIN-ROBBINS  )<br><br>  Defendants.  ) | C.A. No. CCB 03 CV 460 |

)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANTS DUNKIN' DONUTS INCORPORATED'S AND
BASKIN-ROBBINS USA, CO.'S  ANSWER TO AMENDED COMPLAINT**

Defendants Dunkin' Donuts Incorporated and Baskin-Robbins USA, Co. hereby respond to Plaintiffs' Amended Complaint as follows:

1.    The Amended Complaint speaks for itself.

2.    Defendants admit that Mr. Robinson is a resident of the State of Maryland and a citizen of the United States.  Defendants deny the remaining allegations set forth in paragraph 2.

3.    Defendants admit that Silverback, LLC is a Maryland limited liability company. Defendants deny the remaining allegations set forth in paragraph 3.

4.    The proposed franchised business at issue in this litigation consisted of a Dunkin' Donuts and Baskin-Robbins combination unit.  Defendants deny the remaining allegations set forth in paragraph 4.

5.    Allied Domecq QSR is an unincorporated organization with its principal place of business located at 14 Pacella Park Drive, Randolph, MA.  Defendants deny the remaining allegations set forth in paragraph 5.

6.   Defendants deny the allegation set forth in paragraph 6.

7.   Defendants admit that on or about January 23, 2002 Mr. Robinson met with a representative of Dunkin' Donuts and Baskin-Robbins regarding becoming a franchisee in the Baltimore, Maryland area. Defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 7.

8.   Defendants admit that on March 5, 2002, Mr. Robinson executed a Kenexa waiver letter and forwarded the same to the attention of Ken Smith, a franchise licensing manager for Dunkin' Donuts and Baskin-Robbins. Defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 8.

9.   Defendants admit the allegations set forth in paragraph 9.

10.   Defendants admit that a contract for sale was forwarded to Mr. Robinson on August 19, 2002. Defendants' are without sufficient information to admit or deny the remaining allegations set forth in paragraph 10.

11.   Defendants admit that Mr. Robinson created Silverback, LLC. Defendants are presently without sufficient information to admit or deny the remaining allegations set forth in paragraph 11.

12.   Defendants admit that they received copies of what purport to be loan commitment letters Mr. Robinson received on behalf of Silverback, LLC from The Harbor Bank of Maryland in the amount of $300,000 and from the Development Credit Fund, Inc., t/a Community Lending Group in the amount of $200,000. Defendants are presently without sufficient information to admit or deny the remaining allegations set forth in paragraph 12.

13.   Defendants deny the allegations set forth in paragraph 13.

14.   Defendants deny the allegations set forth in paragraph 14.

15.     Defendants are presently without sufficient information to admit or deny the allegations set forth in paragraph 15.

16.     Defendants deny the allegations set forth in paragraph 16.

17.     The allegations set forth in paragraph 17 constitute legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 17.

18.     Defendants deny the allegations set forth in paragraph 18.

19.     Defendants deny the allegations set forth in paragraph 19.

20.     Defendants deny the allegations set forth in paragraph 20.

21.     Defendants deny the allegations set forth in paragraph 21.

22.     Defendants deny the allegations set forth in paragraph 22.

## COUNT I
### (Breach of Contract)

23.     The answers to paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24.     Defendants deny the allegations set forth in paragraph 24.

## COUNT II
### (Breach of Contract)

25.     The answers to paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26.     Defendants deny the allegations set forth in paragraph 26.

## COUNT III
### (Specific Performance)

27.     The answers to paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

28.    Defendants deny the allegations set forth in paragraph 28.

29.    Defendants are presently without sufficient information to admit or deny the allegations set forth in paragraph 29.

30.    Defendants deny the allegations set forth in paragraph 30.

31.    Defendants deny the allegations set forth in paragraph 31.

32.    Defendants deny the allegations set forth in paragraph 32.

## COUNT IV
### (Specific Performance)

33.    The answers to paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.    Defendants deny the allegations set forth in paragraph 34.

35.    Defendants are presently without sufficient information to admit or deny the allegations set forth in paragraph 35.

36.    Defendants deny the allegations set forth in paragraph 36.

37.    Defendants deny the allegations set forth in paragraph 37.

38.    Defendants deny the allegations set forth in paragraph 38.

## COUNT V
### (Detrimental Reliance)

39.    The answers to paragraphs 1 through 38 are incorporated by reference as if fully set forth herein.

40.    Defendants admit that as part of the application process and prior to becoming a franchisee, Plaintiffs were required to, among other things, submit a business play and obtain loan commitments from lender(s).  Defendants deny the remaining allegations set forth in paragraph 40.

41.     Defendants deny the allegations set forth in paragraph 41.

42.     Defendants deny the allegations set forth in paragraph 42.

43.     Defendants deny the allegations set forth in paragraph 43.

## COUNT VI
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

44.     The answers to paragraphs 1 through 43 are incorporated by reference as if fully

set forth herein.

45.     Defendants deny the allegations set forth in paragraph 45.

46.     Defendants deny the allegations set forth in paragraph 46.

47.     Defendants deny the allegations set forth in paragraph 47.

## COUNT VII

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

48.     The answers to paragraphs 1 through 47 are incorporated by reference as if fully

set forth herein.

49.     Defendants deny the allegations set forth in paragraph 49.

50.     Defendants deny the allegations set forth in paragraph 50.

51.     Defendants deny the allegations set forth in paragraph 51.

### Affirmative Defenses

1.     Defendants plead the affirmative defense of statute of frauds.

2.     Defendants plead the affirmative defenses of waiver and estoppel.

3.     Defendants plead the affirmative defense of failure of consideration.

4.     Defendants plead that Plaintiffs have failed to state any claim upon which relief

may be granted.

5.    Defendants plead that Plaintiffs are barred from recovery, in whole or in part, for failing to mitigate damages.

6.    Defendants plead that Plaintiffs are barred from recovery, in whole or in part, by the doctrine of unclean hands.

7.    Defendants plead that Plaintiffs are entitled to recover costs and attorneys' fees under any theory of law.

8.    Defendants plead that Plaintiffs are barred from recovery because they are unable to prove that Plaintiffs caused them any damages.

9.    Defendants plead that if Plaintiffs suffered damages, such damages were caused by the acts or omissions of Plaintiffs or other persons for whose acts or omissions Defendants are not liable.

10.    Defendants plead that the Court lacks personal jurisdiction over them.

11.    Defendants plead the insufficiency of service of process.

12.    Defendants plead the insufficiency of process.

13.    Defendants plead that Plaintiffs are not entitled to attorneys' fees under any theory of law.

14.    Defendants reserve the right to add additional defenses as information is learned through discovery.

WHEREFORE, Defendants pray that this Court dismiss Plaintiffs' claims with prejudice, award Defendants judgment against Plaintiffs for their costs and attorneys' fees incurred in connection with defending those claims, and award Defendants such other relief as this Court may deem just and proper.

Respectfully submitted,

Robert L. Zisk  (District of Md. Bar No. 07147)
David E. Worthen  (District of Md. Bar No. 15420)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 333-8800
Facsimile:    (202) 625-3311

Attorneys for Defendants
Dunkin' Donuts Incorporated and
Baskin-Robbins USA, Co.

Dated: June 6, 2003

*AN6740*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2003, a true copy of the foregoing document,

Defendants' Answer to Plaintiffs' Amended Complaint was sent by first-class mail, postage

prepaid, to counsel of record for Defendants:

Charles Jerome Ware
Charles Jerome Ware, P.A.
The Century Plaza Building
10630 Little Patuxent Parkway
Suite 113
Columbia, MD 21044