## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES T. ROBINSON, SR., and SILVERBACK, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. CCB 03 CV 460 |
| DUNKIN' DONUTS, and BASKIN-ROBBINS | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS DUNKIN' DONUTS INCORPORATED'S
## AND BASKIN-ROBBINS USA, CO.'S
## OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT

The Federal Rules of Civil Procedure require that a Plaintiff serve each Defendant in an action with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). On February 20, 2003, Plaintiffs filed a Complaint in this action naming Allied Domecq Quick Service Restaurants ("ADQSR") as Defendant. ADQSR was served by the Office of the Attorney General on February 26, 2003. *See* Mot. Ex. A.

Upon receiving a copy of the Complaint, counsel for ADQSR contacted Plaintiffs' counsel, pointing out that Plaintiffs had sued a non-entity. *See* Declaration of Peter Taylor, attached hereto as Exhibit 1, ¶ 4. As a result of that conversation, Plaintiffs' counsel agreed to amend the Complaint by substituting Dunkin' Donuts Incorporated and Baskin-Robbins USA, Co. (hereinafter collectively referred to as "Dunkin'") as Defendants instead of ADQSR. *See Id.* ¶¶ 4-6. *See also* Mot. Ex. B. Dunkin's counsel followed up this telephone call with a letter confirming Plaintiffs' intent to amend the Complaint and grant of additional time to answer or otherwise plead. Mot. Ex. B.

On March 26, 2003, Plaintiffs faxed a copy of the Amended Complaint to counsel for Dunkin'. *Id*. Ex. E. Upon receiving a copy of the Amended Complaint, Dunkin's counsel contacted Plaintiffs' counsel and offered to accept service on behalf of Dunkin' under Rule 4. *See Ex*. 1 at ¶ 7. Plaintiffs rejected this offer. *Id*. At no time subsequent to the telephone conversation between counsel and prior to the filing of Plaintiffs' Motion for Default, did Dunkin's counsel receive a formal notice and request for waiver of service as required by Rule 4(d). Furthermore, at no time subsequent to the March 26th phone conversation and prior to the filing of the instant Motion has a Summons or the Amended Complaint been formally served upon Defendants' counsel or upon Dunkin' Donuts Incorporated or Baskin-Robbins, USA, Co. by the Maryland Office of the Attorney General. Simply faxing a copy of the Amended Complaint to Dunkin's counsel, with no Summons for the newly added parties, does not comply with the service requirements of the Federal Rules of Civil Procedure.

Notwithstanding the foregoing, and assuming that Plaintiffs act of faxing a copy of the Amended Complaint constitutes proper notice, Plaintiffs motion should still be denied. Dunkin' filed and served Plaintiffs with its Answer to the Amended Complaint on June 6, 2003,[1] thereby rendering Plaintiffs' motion moot. In a similar case, *Perlov v. G.D. Searle & Co*., 621 F. Supp. 1146 (D. Md. 1985), this Court denied plaintiff's motion for default after defendant's answer was filed. In *Perlov* the Court held: "[Defendant's answer] was finally filed immediately upon receipt of the default motion. Although there is no apparent excuse for defendant's delay, default judgments are generally disfavored in law, and in the absence of any showing of prejudice which plaintiffs suffered as a result of the delay, this Court will use its discretion and deny the motion." *Id*. at 1147. The facts of this case clearly justify the denial of Plaintiffs' motion. Unlike the

---

[1] Among others, Dunkin' raises the affirmative defenses of insufficiency of service of process and insufficiency of process.

defendant in *Perlov*, Dunkin' had a legitimate reason for not filing its Answer – Plaintiffs never served Dunkin'. In addition, and similar to the defendant in *Perlov*, Dunkin' immediately filed its answer upon receipt of the motion for default. Finally, like the plaintiff in *Perlov*, Plaintiffs here have not alleged prejudice, nor can they do so now since the alleged delay was so minor.[2] Given that Plaintiffs seek over ten million dollars ($10,000,000), entry of default is particularly unwarranted.

      For the foregoing reasons, Plaintiffs' Motion for Default should be denied.

      Respectfully Submitted,

_____
Robert L. Zisk  (District of Md. Bar No. 07147)
David E. Worthen  (District of Md. Bar No. 15420)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Telephone:   (202) 333-8800
Facsimile:   (202) 625-3311

Attorneys for Defendants
Dunkin' Donuts Incorporated and
Baskin-Robbins USA, Co.

Dated: June 9, 2003

*AN7685*

---

[2] Assuming Plaintiffs' fax service was sufficient under Fed. R. Civ. P. 4, Dunkin' was required to answer or otherwise plead within sixty (60) days of receipt of service, making its answer due on or before May 26, 2003. Fed.R.Civ.P. 4(d)(3). Dunkin' answered the Amended Complaint June 6th, only ten (10) days after the deadline alleged by Plaintiffs.

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES T. ROBINSON, SR., and SILVERBACK, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. CCB 03 CV 460 |
| DUNKIN' DONUTS, and BASKIN-ROBBINS | ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF PETER V. TAYLOR

I, Peter V. Taylor, declare that:

1.      I am a resident of the Commonwealth of Virginia and I make this declaration based on personal knowledge.

2.      I am Of Counsel at the law firm of Schmeltzer, Aptaker & Shepard, P.C., a firm headquartered in the District of Columbia.

3.      I am a 1980 graduate of the University of Wisconsin School of Law and have conducted civil and criminal litigation in several states over the last twenty-two years.  Our firm represents Defendants Dunkin' Donuts Incorporated ("Dunkin'") and Baskin-Robbins USA, Co. ("Baskin") in this lawsuit.

4.      In the initial Complaint in this matter, Plaintiffs named Allied Domecq Quick Service Restaurants ("ADQSR") as defendant.  ADQSR is an unincorporated entity consisting of the integrated field and support staffs of Dunkin' and Baskin, as well as of Togo's Eateries, Inc.  Rather than file a motion to dismiss, I called plaintiffs' counsel, Charles Jerome Ware, Esquire, and pointed out that Plaintiffs sued a non-entity.

I suggested to him that – based upon the allegations in his Complaint – Dunkin' appeared to be the proper defendant.

     5.      In follow-up to this telephone conversation with Mr. Ware, I sent him the letter, dated March 11, 2003, which he has attached to Plaintiffs' Motion for Default ("Motion") as Exhibit B.

     6.      Mr. Ware called me back some time thereafter, suggesting that both Dunkin' and Baskin were the proper defendants because the store referred to in the Complaint was to be a combination store of those two franchises. I reviewed some pertinent paperwork and told Mr. Ware that it appeared that his conclusion was correct.

     7.      On March 26, 2003, Mr. Ware's office faxed to me Plaintiffs' Amended Complaint, naming Dunkin' and Baskin, and dropping ADQSR, as defendants. He faxed no Summons. I called Mr. Ware that day to discuss, among other things, procedural issues. I told Mr. Ware that we were still willing to accept service on behalf of the defendants, and sign a waiver of service, pursuant to Rule 4(d), F.R.Civ.P. I told him that, pursuant to Rule 4(d)(3), defendants would have sixty (60) days in which to answer. Mr. Ware said that he was unaware of that sixty-day provision and would need to discuss it with his clients. He subsequently told me that he had discussed this issue with his clients, but that his clients were unwilling to agree to have us accept service on behalf of the Defendants because his clients were unwilling for the defendants to have sixty days in which to answer, as provided in R. 4(d).

     8.      On June 2, 2003, I received a copy of the Motion. I immediately called Mr. Ware, expressing my surprise at his Motion as proper service was never effectuated. Mr. Ware confirmed that he had not served the Defendants through the Maryland

Division of Securities because he thought I had agreed to accept service on the Defendants' behalf. I reiterated to Mr. Ware the contents of our earlier conversation in which his client had refused to agree to us accepting service because of the sixty-day answering period, as set forth in ¶ 7, above. Mr. Ware acknowledged that we had had that conversation, but said that he had misunderstood where things had been left. I proposed to Mr. Ware that he withdraw his Motion and that we would file an Answer within ten (10) days. He asked me to re-cap our conversation in a letter, which he said he would discuss with the Plaintiffs and get back to me. After our conversation, I sent Mr. Ware the letter attached hereto as **Exhibit A**.

9.     On June 4, 2003, I received from Mr. Ware the letter attached hereto as **Exhibit B**, in which he rejected my proposed solution to this issue.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of June, 2003.

Peter V. Taylor

47.94

## SCHMELTZER, APTAKER & SHEPARD, P.C.

COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.saspc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

June 2, 2003

**VIA FACSIMILE**
**& FIRST-CLASS MAIL**

Charles Jerome Ware, Esq.
Charles Jerome Ware, P.A.
Attorneys and Counsellors
The Century Plaza Building
10630 Little Patuxent Parkway, Suite 113
Columbia, MD  21044

      Re:    *Robinson, et al. v. Dunkin' Donuts and Baskin-Robbins*
             Case No. CCB 03 CV 460

Dear Mr. Ware:

      As we discussed earlier today, I was surprised by your Motion for Default filed in this matter.  After I sent you the March 11, 2003 letter that you attached as Exhibit B to your Motion for Default, we spoke by telephone about the details of us accepting service on behalf of Dunkin' Donuts and Baskin-Robbins.  I told you we were willing to do so under R. 4(d), F.R.Civ.P., which gave us sixty (60) days in which to respond.  Your client was in your office when we had that discussion.  You checked with him, and he told you that he was unwilling to proceed with us accepting personal service under Rule 4(d) because he did not want us to have sixty days in which to respond.  Thus, we have been waiting for you to effectuate service through the  Maryland Division of Securities.  You confirmed, when we spoke earlier today, that you had not attempted service through the Maryland Division of Securities because you thought we were willing to accept service, but also confirmed the contents of our earlier discussions, outlined above.  You said that you misunderstood our position.

      To avoid wasting time and money litigating your Motion for Default, and in light of your misunderstanding, I proposed that you withdraw your Motion and we, in return, would file our Answer within ten (10) days.  You said you needed to discuss that with your client.

**DEFENDANT'S
EXHIBIT**
A
CCB-03-CV-460

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Chares Jerome Ware, Esq.
June 2, 2003
Page 2 of 2


      Please let me know at your earliest convenience what your client's position is on this matter.  If he does *not* agree with our proposal, we will have to litigate your motion. If he *does* agree, we will file our Answer within ten (10) days of you letting me know that this is agreeable to your client.

      Thank you.  I look forward to hearing from you on this issue.


                    Sincerely,

                    Peter V. Taylor

Office of the Clerk (via first-class mail)
United States District Court of Maryland
Northern Division
4415 U.S Courthouse
101 W. Lombard Street
Baltimore, MD 21201

# Charles Jerome Ware
### Attorneys & Counsellors at Law
www.charlesjeromeware.com

June 04, 2003

additional offices at

2910 Nellson Way
Suite 312
Santa Monica, CA

VIA FACSIMILE  202.337-6065
FIRST CLASS MAIL

Peter V. Taylor, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
The Watergate
2600 Virginia Avenue, N.W. – Suite 1000
Washington, D.C. 20037-1922

RE:    Robinson, et al. vs Dunkin Donuts and
       Baskin-Robbins, Case No. CCB03CV460

Dear Mr. Taylor:

Unfortunately, you have severely misrepresented and/or misunderstood our position and our agreement concerning service of the amended complaint.

Mr. Robinson's, Ms. Henry's, and my recollection of the March 11th, 2003 agreement and conversation with you and your office is the same:  that you would accept service of the amended complaint directly from us without any intervening person or institution.   There was no misunderstanding whatsoever about that.  Further, more than 60 days have passed and you still have not answered the amended complaint.

My client absolutely will not withdraw his meritorious Motion for Default.

Sincerely,

Charles Jerome Ware

CJW/akc

cc:    Charles T. Robinson, Sr.
       Via Fax  410.799-8829

       Office of the Clerk (via First Class Mail)
       United States District Court of Maryland
       Northern Division
       4415 U. W. Courthouse
       101 W. Lombard Street
       Baltimore, MD. 21201


DEFENDANT'S
EXHIBIT
B
CCB 03 CV 460

**Century Plaza Building**
**10630 Little Patuxent Parkway, Suite 113**
**Columbia, Maryland 21044**
**(410) 730-5016**
**(410) 730-7603 Fax**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2003, a true copy of the foregoing document, Memorandum in Support of Defendants' Opposition to Plaintiffs' Motion for Default was sent by first-class mail, postage prepaid, to counsel of record for Plaintiffs:

Charles Jerome Ware
Charles Jerome Ware, P.A.
The Century Plaza Building
10630 Little Patuxent Parkway
Suite 113
Columbia, MD 21044